## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL BUCCI and )
ANTHONY MESSINA, )
      Plaintiffs )
 )
v. )
 )
GLOBEGROUND NORTH )
AMERICA, LLC )
      Defendant )
_____)

RECEIPT # _____
AMOUNT $ __250.00__
SUMMONS ISSUED__ NA
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. __M.P.__
CIVIL ACTION NO.DATE ___5/10/05__

# 05 CV 10963 NG

## NOTICE OF REMOVAL

MAGISTRATE JUDGE __MBB__

The defendant, GlobeGround North America LLC ("GlobeGround"), hereby notices the removal of the following described action from the Superior Court Department of Suffolk County, Commonwealth of Massachusetts ("State Court"), to the United States District Court for the District of Massachusetts ("District Court"), as authorized by 28 U.S.C. § 1441, et seq. GlobeGround respectfully submits the following grounds for removal:

I.

The plaintiffs, Michael Bucci and Anthony Messina ("the plaintiffs") filed suit against GlobeGround on March 29, 2005, in a suit entitled Michael Bucci and Anthony Messina v. GlobeGround North America LLC, Civil Action No.: SUCV2005-1218D, in the Superior Court Department of Suffolk County, Commonwealth of Massachusetts ("State Court action"). A copy of the plaintiffs' Complaint ("Complaint") is attached hereto as Exhibit A.

II.

GlobeGround was served with a copy of the Complaint and Summons on April 21, 2005, along with Plaintiff, Michael Bucci's First Request for Production of Documents and Plaintiff, Michael Bucci's First Set of Interrogatories. GlobeGround has not yet filed an Answer to the Complaint or responded to the discovery requests. GlobeGround has not received any other pleadings, discovery requests or orders in the State Court action. To GlobeGround's knowledge, with the exception of the filing of the plaintiffs' Complaint and service of the aforementioned discovery, there have been no further proceedings in the State Court action.

III.

GlobeGround was served with a copy of the Complaint on April 21, 2005, and this Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446 (b).

IV.

The Complaint seeks an unspecified amount of damages from GlobeGround for personal injury, which resulted from the alleged automobile accident involving a vehicle allegedly owned by GlobeGround. The plaintiff seeks these damages from GlobeGround based on theories of negligence and vicarious liability. The nature of the plaintiffs' allegations are clearly stated in the Complaint, attached hereto as Exhibit A. GlobeGround denies any and all liability on its part for the plaintiffs' claims, and has valid defenses thereto.

V.

The captioned District Court sits in the district and division embracing the place where the State Court action is pending.

VI.

The District Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiffs are citizens of Massachusetts, residing in the Towns of Braintree, County of Norfolk, Commonwealth of Massachusetts; and East Boston, County of Suffolk, Commonwealth of Massachusetts. GlobeGround is limited liability company organized and existing under the laws of Delaware, with a principal place of business in Great Neck, New York. The amount in controversy, in the event that the plaintiffs were to prevail on their claims, exceeds $75,000 exclusive of interest and costs.

VII.

Pursuant to 28 U.S.C. § 1332 (a), the District Court has original jurisdiction over all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and which are between citizens of a state and citizens or subjects of a foreign state. Pursuant to 28 U.S.C. § 1332 (c) (1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. Therefore, the District Court has original jurisdiction under 28 U.S.C. 1332, and this action may be removed from the State Court pursuant to 28 U.S.C. § 1441 (a) and (b).

VIII.

GlobeGround is the only defendant in this matter.

IX.

A list of all counsel of record is attached hereto as Exhibit B. An index of all matters being filed herewith is attached hereto as Exhibit C.

37541.1

X.

GlobeGround appears herein by and through its attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

XI.

Promptly after filing this Notice of Removal of the State Court action, GlobeGround will give written notice of such filing to the plaintiffs, and will file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

WHEREFORE, the defendant, GlobeGround North America LLC, prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, that the District Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said State Court action, and thereupon proceed with this civil action as if it had originally been commenced in the District Court.

SO NOTICED this $\int \mathbb{t}^{t}$ day of May, 2005.

Respectfully Submitted,
GlobeGround North America LLC
By its attorneys,

Maynard M. Kirpalani, BBO# 273940
Helen E. Tsingos, BBO# 629762
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: $\int \int \int 0 \int 0 \int$

## **CERTIFICATE OF SERVICE**

I, Helen E. Tsingos, hereby certify that I have this /0ᵗʰ of May, 2005, served a copy of the

foregoing upon all parties of record by mailing same postage prepaid to:

Ann M. McNamara, Esq.
Quinn and Morris
141 Tremont Street
Boston, MA 02111

Helen E. Tsingos

37541.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY).** Michael Bucci and Anthony Messina

   v. Globeground North America, LLC

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___    II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   X      III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   ___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

   ___    V.    150, 152, 153.

   **05 CV 10963 NG**

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**

   _____

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**
   No

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?** No

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?** No

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)** - (SEE LOCAL RULE 40.1(C)).    YES_____  ____OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).    YES_____

   _____

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?    YES_____ (a)  __  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____**

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** Eastern

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____ _____ OR WESTERN SECTION_____**

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Helen E. Tsingos, Esq.

Wilson, Elser, Moskowitz, Edelman & dicker LLP

ADDRESS  155 Federal Street

Boston, MA  02110

TELEPHONE NO.  617-422-5300

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael Bucci and Anthony Messina

## DEFENDANTS
Globeground North America, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Norfolk Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Great Neck, NY Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## 05 CV 10963 NG

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ann M. McNamara, Esq.
Quinn and Morris
141 Tremont St
Boston, MA  02111
617-423-3100

ATTORNEYS (IF KNOWN)
Maynard M. Kirpalani, Esq. BBO#273940
Helen E. Tsikngos, Esq., BBO#629762
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA  02110
(617) 422-5300

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Diversity of citizenship under 28 U.S.C. § 1332

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE /PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S)
IF ANY (See instructions):
5/10/05

JUDGE _____    DOCKET NUMBER _____

DATE  5/10/05

SIGNATURE OF ATTORNEY OF RECORD  Helen E Tsikngos

**UNITED STATES DISTRICT COURT**

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No.____05-1218-D_____

Michael Bucci and Anthony Messina_____ , Plaintiff(s)

v.

Globeground North America, LLC_____ , Defendant(s)

## SUMMONS

To the above-named Defendant: Globeground North America, LLC, c/o Resident Agent:
CT Corporation, 101 Federal Street, Boston, MA 02110.

You are hereby summoned and required to serve upon_____Ann M. McNamara, Esquire_____

_____Quinn and Morris,_____

plaintiff's attorney, whose address is 141 Tremont St., Boston, MA 02111_____ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Su Barbara J. Rouse Esquire, at Boston, the_____4th_____ day of
__April_____ , in the year of our Lord two thousand __and five._____ .

Michael Joseph Donovan

Clerk/Magistrate

Deputy Sheriff Suffolk County

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                        **SUPERIOR COURT**
                                                   **CIVIL ACTION NO.:**

|  |  |
|---|---|
| MICHAEL BUCCI and<br>ANTHONY MESSINA,<br>    Plaintiffs | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| GLOBEGROUND<br>NORTH AMERICA LLC,<br>    Defendant | )<br>)<br>)<br>) |

### COMPLAINT
### (JURY TRIAL REQUESTED)

### PARTIES

1.    The plaintiff Michael Bucci, for all purposes pertinent to this complaint, is a resident of Braintree, Massachusetts.

2.    The plaintiff Anthony Messina, for all purposes pertinent to this complaint, is a resident of East Boston, Suffolk County, Massachusetts.

3.    Defendant Globeground North America LLC is a foreign corporation, listed with the Massachusetts Secretary of State's Office, with its usual place of business in Massachusetts located at 440 William F. McCellan, Boston, Suffolk County, MA, 02128 and having as its resident agent: CT Corporation, 101 Federal Street, Boston, MA 02110.

### FACTS

4.    The plaintiffs repeat and reallege the allegations contained in paragraphs 1-3 as if more fully rewritten herein.

5.    On or about December 7, 2002, plaintiff Michael Bucci was an employee of United Airlines Incorporated, driving a minivan at Logan Airport in Boston, Massachusetts.

6.    On or about December 7, 2002, plaintiff Anthony Messina was an employee of United Airlines Incorporated and was a passenger in the minivan driven by Michael Bucci at Logan Airport in Boston, Massachusetts.

7.    On or about December 7, 2002, an employee of defendant Globeground North America LLC, was operating a truck owned by their employer defendant, Globeground North America LLC at Logan Airport in Boston, Massachusetts.

8.    As plaintiff Michael Bucci traveled in the minivan suddenly and without warning, the employee of defendant Globeground North America LLC, while operating a truck owned by the defendant, negligently collided into the rear-end of the minivan plaintiff Michael Bucci was operating, causing plaintiff's Michael Bucci and Anthony Messina to suffer severe personal injuries.

## COUNT I
## NEGLIGENCE VS. GLOBEGROUND NORTH AMERICA LLC

9.    The plaintiffs repeat and reallege the allegations contained in paragraphs 1-8 as if more fully rewritten herein.

10.   As a direct and proximate result of the negligence of the defendant Globeground North America LLC, through it's agents, employees and servants, as described in paragraph eight (8), the plaintiff Michael Bucci suffered severe personal injuries, medical expenses, disability, lost wages, causing him great pain of mind and body and leaving him in a much diminished state.

WHEREFORE, plaintiff Michael Bucci demands judgment from this Honorable Court against Globeground North America LLC, for fair and equitable damages, plus interest, costs of this action and such other and further relief as the Court deems proper.

## COUNT II
## VICARIOUS LIABILITY VS. GLOBEGROUND NORTH AMERICA LLC

11.   The plaintiffs repeat and reallege the allegations contained in paragraphs 1-10 as if more fully rewritten herein.

12.   On or about December 7, 2002 an employee of the defendant Globeground North America LLC was operating a truck owned by the defendant in the course of their employment at Logan Airport in Boston, Massachusetts.

13.   The defendant, Globeground North America LLC, is and was responsible for the negligent conduct of it's employee as the employee acted within the scope of their employment.

14.   As a direct and proximate result of the negligence and carelessness of the employee of the defendant, Globeground North America LLC, the plaintiff, Michael Bucci suffered

severe personal injuries, medical expenses, disability, lost wages, causing him great pain
of mind and body and leaving him in a much diminished state.

WHEREFORE, plaintiff Michael Bucci demands judgment from this Honorable Court against
Globeground North America LLC, for fair and equitable damages, plus interest, costs of this
action and such other and further relief as the Court deems proper.

## COUNT III
## NEGLIGENCE VS. GLOBEGROUND NORTH AMERICA LLC

15.   The plaintiffs repeat and reallege the allegations contained in paragraphs 1-14 as if more
      fully rewritten herein.

16.   As a direct and proximate result of the negligence of the defendant Globeground North
      America LLC, through it's agents, employees and servants, as described in paragraph
      eight (8), the plaintiff Anthony Messina suffered severe personal injuries, medical
      expenses, disability, lost wages, causing him great pain of mind and body and leaving
      him in a much diminished state.

WHEREFORE, plaintiff Anthony Messina demands judgment from this Honorable Court against
Globeground North America LLC, for fair and equitable damages, plus interest, costs of this
action and such other and further relief as the Court deems proper.

## COUNT IV
## VICARIOUS LIABILITY VS. GLOBEGROUND NORTH AMERICA LLC

17.   The plaintiffs repeat and reallege the allegations contained in paragraphs 1-16 as if more
      fully rewritten herein.

18.   On or about December 7, 2002 an employee of the defendant Globeground North
      America LLC was operating a truck owned by the defendant in the course of their
      employment at Logan Airport in Boston, Massachusetts.

19.   The defendant, Globeground North America LLC, is and was responsible for the
      negligent conduct of it's employee as the employee acted within the scope of their
      employment.

20.   As a direct and proximate result of the negligence and carelessness of the employee of the
      defendant, Globeground North America LLC, the plaintiff, Anthony Messina suffered
      severe personal injuries, medical expenses, disability, lost wages, causing him great pain
      of mind and body and leaving him in a much diminished state.

WHEREFORE, plaintiff Anthony Messina demands judgment from this Honorable Court against
Globeground North America LLC, for fair and equitable damages, plus interest, costs of this
action and such other and further relief as the Court deems proper.

**PURSUANT TO MASSACHUSETTS RULES OF CIVIL PROCEDURE RULE 38, THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.**

Plaintiffs, Michael Bucci,
and Anthony Messina,
by their attorney,

Ann M. McNamara
QUINN AND MORRIS
141 Tremont Street
Boston, MA 02111
Tel. (617) 423-3500
BBO #: 117450

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) Michael Bucci and Anthony Messina | DEFENDANT(S) Globeground North America, LLC |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  (617) 423-3500 Ann M. McNamara, Esquire, Quinn and Morris, 141 Tremont Street, Boston, MA 02111 Board of Bar Overseers number:  546445 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.          TYPE OF ACTION (specify)      TRACK          IS THIS A JURY CASE?

B03    Motor Vehicle negligence – P.I. (F )      (X ) Yes        ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . estimate  $. . . 950.00. . *
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . estimate  $. 1,045.00. . *
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . estimate  $. . . . . . . . . *
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . estimate  $. 1,714.39. *
5. Total other expenses (describe) . . MRI . . . . . . . . . . . . . . . . . . . . . estimate  $. 1,295.00. . *
                                                                    estimate  Subtotal $. 5,004.39. . *
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . estimate  $. 84,240.00. . *
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . estimate  $. NONE . . . . *
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . estimate  $. . . . . . . . . *
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . estimate  $. . . . . . . . . *
F. Other documented items of damages (describe)
                                                                    estimate  $. NONE . . . . . . *

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff suffered injuries to his neck and upper back.*

                                                                    $. . . . . . . . . . . . *
* Plaintiff reserves the right to supplement or amend if necessary. estimate  TOTAL $ 89,244.39 . . *

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                    TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 3/29/2005

AOTC-6 mtc005-11/99
A O S C 1-2000

CIVIL ACTION
COVER SHEET

DOCKET NO(S)

Trial Court of Massachusetts
Superior Court Department
County: _____ SUFFOLK _____

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Michael Bucci and Anthony Messina | Globeground North America, LLC |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE   (617) 423-3500 | ATTORNEY (if known) |
|---|---|
| Ann M. McNamara, Esquire, Quinn and Morris, 141 Tremont Street, Boston, MA 02111 Board of Bar Overseers number:   546445 | |

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.       TYPE OF ACTION (specify)       TRACK       IS THIS A JURY CASE?

B03    Motor Vehicle negligence – P.I. (F )       (X ) Yes       ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................... estimate .. $.. 2,235.33 . *
2. Total Doctor expenses ................................................................ estimate .. $.. 1,026.00 . *
3. Total chiropractic expenses .......................................................... estimate .. $............ *
4. Total physical therapy expenses ..................................................... estimate .. $.. 7,460.00 . *
5. Total other expenses (describe) . MRI, radiology, medication, etc. ............. estimate .. $.. 3,425.51 . *
        estimate    Subtotal $.. 14,146.84 . *
B. Documented lost wages and compensation to date ....................................... estimate .. $ 131,913.10 . *
C. Documented property damages to date ................................................. estimate .. $.. NONE .... . *
D. Reasonably anticipated future medical and hospital expenses .......................... estimate .. $............ *
E. Reasonably anticipated lost wages ................................................... estimate .. $............ *
F. Other documented items of damages (describe)
        estimate    $.. NONE ..... *
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff suffered injuries to his neck and back.*

        $............ *
        estimate    TOTAL $146,059.94 .. *

* Plaintiff reserves the right to supplement or amend if necessary.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____       DATE: 3/29/2005

AOTC-6 mtc005-11/99

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                            **SUPERIOR COURT**
                                                       **CIVIL ACTION NO.:**
                                                       **05-1218-D**

|                                         |     |
| --------------------------------------- | --- |
| **MICHAEL BUCCI and**                   | )   |
| **ANTHONY MESSINA,**                    | )   |
| **Plaintiffs**                          | )   |
|                                         | )   |
| **v.**                                  | )   |
|                                         | )   |
| **GLOBEGROUND**                         | )   |
| **NORTH AMERICA LLC,**                  | )   |
| **Defendant**                           | )   |

### PLAINTIFF MICHAEL BUCCI'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GLOBEGROUND NORTH AMERICA, LLC.

Plaintiff, pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, requests that defendant produce the following items for inspection and copying. Items are requested to be produced at the office of the attorneys for the plaintiff at the Law Offices of Quinn and Morris, 141 Tremont Street, Boston, MA 02111, within forty-five (45) days after service of this request.

### INSTRUCTIONS & DEFINITIONS

The defendant is to produce to the plaintiff's attorneys at the Law Offices of Quinn and Morris, 141 Tremont Street, Boston, MA 02111, all documents set forth below that are in the defendant's possession, custody or control and that meet the descriptions, directly or indirectly, set forth in each such category.

**"Document"** shall mean the original, all nonidentical copies, and all drafts of any book, pamphlet, letter, or other form of correspondence, telegram, telex, cable, report,
study, note, diary entry, telephone message, form, chart, drawing, agreement, contract, summary, financial record, or other verbal, numerical, or pictorial recording, whether printed, typed, handwritten, drawn, recorded on film or tape, or within any data processing system, or recorded by any other means. If any document sought by these requests for documents has been destroyed (and no copy exists), identify the date of destruction, the person who ordered destruction, and the purpose for destruction.

If the defendant claims any privilege or immunity from discovery with regard to any documents sought herein, then please provide the following information as to each document to which such claim is made: (a) its date; (b) the name and address of its maker; (c) the name and address of each person listed as an addressee; (d) the name and address of each person who has seen or reviewed each such document; (e) a brief description of its subject matter; (f) the nature of privilege or immunity claimed; (g) and a summary of all facts and circumstances upon which claim is based.

Whenever it is impractical to produce the original document requested, photocopies may be made of such original documents. Photographs supplied pursuant to this request or prints thereof shall be paid for by the plaintiff upon presentation of a bill from each person preparing such photographs or prints. This demand is to include all after acquired documents of the type made reference to in the request. The defendant is therefore requested to update the production of documents by forwarding copies to the plaintiff or putting the plaintiff on notice as to any after-acquired material.

**Any use in this document of the term "plaintiff" refers to the plaintiff, Michael Bucci.**

**Any use in this document of the term "co-plaintiff" refers to the plaintiff, Anthony Messina.**

**Any use in this document of the term "defendant" refers to the defendant, Globeground North America, LLC and or its employees, servants and agents.**

**Any use in this document of the terms "the accident" or "the collision" refers to the motor vehicle accident of December 7, 2002, involving the plaintiffs, Michael Bucci and Anthony Messina, and an employee of the defendant, Globeground North America, LLC, which occurred at Logan Airport in Boston, Massachusetts, all as alleged in the plaintiffs' Complaint.**

## DOCUMENT REQUESTS

### REQUEST ONE

All nonprivileged written accident reports concerning the accident alleged in the complaint prepared by the police, plaintiff, co-plaintiff, defendant, and/or any other person or entity with knowledge of the accident.

### REQUEST TWO

All photographs diagrams, or drawing in the possession, custody or control of the defendant which show or purport to show:

a)    The locus of the accident at any time prior to the incident;

b)    The locus of the accident following the incident;

c)    The defendant after the accident,
d)    The plaintiff after the accident,
e)    The co-plaintiff after the accident,
f)    Any of the vehicles involved in the accident.

## REQUEST THREE

All statements regarding the accident, whether signed, unsigned, handwritten, typewritten, or recorded by mechanical or electronic means, made by:

a)    the defendant;
b)    the plaintiff;
c)    the co-plaintiff;
d)    any witness to the accident;
e)    any person on the scene immediately preceding the accident and/or immediately subsequent to the accident;
f)    any person and/or entity with knowledge of the events of the accident.

## REQUEST FOUR

Each and every photograph which the defendant intends to introduce as evidence at the trial of this matter.

## REQUEST FIVE

Any and all documentation regarding any damages sustained to the vehicle operated by the defendant, including, but not limited to, repair bills, estimates and/or canceled checks.

## REQUEST SIX

Any and all reports filed with or completed by the defendant concerning the accident with any governmental agency, whether the same be federal, state, or local.

## REQUEST SEVEN

Any and all accident or operator's reports that were completed in regard to the alleged accident.

## REQUEST EIGHT

Any and all police reports relative to the accident.

## REQUEST NINE

An entire copy, including coverage selections page, of each and every insurance policy available to the defendant to satisfy, in whole or in part, any judgment that might be recovered against the defendant by the plaintiffs.

## REQUEST TEN

Any and all documents, photographs, or demonstrative evidence, or a description thereof, which the defendant intends to introduce at the trial of this matter.

## REQUEST ELEVEN

Photocopies of both sides of any and all license of defendant's employee, who was operating the motor vehicle as alleged in the plaintiff's complaint.

## REQUEST TWELVE

Photocopies of the registration of any and all motor vehicles owned and/or operated by the defendant on the date of the accident referred to in plaintiff's Complaint.

## REQUEST THIRTEEN

Photocopies of any and all citations issued by any law enforcement agency to the defendant relative to the alleged accident.

## REQUEST FOURTEEN

Photocopies of any and all documents produced by and/or received from any court or government agency relative to the suspension of the defendant's motor vehicle operator's license, to include any such suspension that occurred in the five (5) years prior to or subsequent to the accident alleged in the plaintiff's Complaint.

## REQUEST FIFTEEN

All calendars, diaries, appointment books, ledgers, schedules or documents of any kind reflecting appointments or meetings the defendant was scheduled to attend on December 7, 2002.

## REQUEST SIXTEEN

All documents describing the extent of damage to the defendant's vehicle and the cost of any repairs. This request includes but is not limited to photographs, estimates, invoices or checks.

## REQUEST SEVENTEEN

All nonprivileged documents concerning moving violations or traffic tickets issued to the defendant for his actions on December 7, 2002, specifically including but not limited to copies of such moving violations or traffic tickets.

Plaintiff, Michael Bucci,
by his attorney,

Ann M. McNamara
QUINN AND MORRIS
141 Tremont Street
Boston, MA 02111
Tel. (617) 423-3500
BBO #: 117450

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK**, ss.

**SUPERIOR COURT
CIVIL ACTION NO.:
05-1218-D**

|  |  |
|---|---|
| **MICHAEL BUCCI and** | ) |
| **ANTHONY MESSINA,** | ) |
| **Plaintiffs** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **GLOBEGROUND** | ) |
| **NORTH AMERICA, LLC,** | ) |
| **Defendant** | ) |

### PLAINTIFF MICHAEL BUCCI' FIRST SET OF INTERROGATORIES TO BE ANSWERED BY DEFENDANT, GLOBEGROUND NORTH AMERICA, LLC'S MOST KNOWLEDGEABLE PERSON.

Now comes the plaintiff, Michael Bucci, and hereby propounds the following Interrogatories to be answered, under oath, by the defendant, Globeground North America, LLC's Most Knowledgeable Person.

### INSTRUCTIONS & DEFINITIONS

You are required to answer the following Interrogatories fully, separately, and under oath, within forty-five (45) days after service hereof, pursuant to Mass.R.Civ.P. 33. In answering these Interrogatories, you are required to furnish all information that is available to you, including that which can be learned through your reasonable inquiry. This also includes nonprivileged information in the possession of your attorney(s), consultants, experts, investigators, agents, or other persons acting on your behalf.

If any of these Interrogatories cannot be answered in full, please answer to the extent possible and specify the reason for your inability to answer the remainder. The Interrogatories are continuing, and answers thereto must be supplemented by you to the maximum extent required by the Massachusetts General Laws and Rules of Civil Procedure.

**Any use in this document of the term "plaintiff" refers to the plaintiff, Michael Bucci.**

**Any use in this document of the term "co-plaintiff" refers to the plaintiff, Anthony Messina.**

Any use in this document of the term "defendant" refers to the defendant, Globeground North America, LLC and or its employees, servants and agents.

Any use in this document of the terms "the accident" or "the collision" refers to the motor vehicle accident of December 7, 2002, involving the plaintiffs, Michael Bucci and Anthony Messina, and an employee of the defendant, Globeground North America, LLC, which occurred at Logan Airport in Boston, Massachusetts, all as alleged in the plaintiffs' Complaint.

## INTERROGATORIES

1. Please list your full name, residential address, business address, and telephone number and in what capacity you answer the following interrogatories on behalf of the defendant, Globeground North America, LLC.

2. Please state how long you have occupied this position with Globeground North America, LLC and for what reason you are best chosen to answer the following interrogatories.

3. Please identify the driver/operator of the motor vehicle owned by the defendant at Logan Airport in Boston, Massachusetts on December 7, 2002, as alleged in the Plaintiff's Complaint, by:

   a.   Complete name;
   b.   Current residential address:
   c.   Social Security Number;
   d.   Date of Birth;
   e.   Massachusetts Driver's License number; and
   f.   Business address.

4. Please identify the employee of the defendant who was the driver/operator of the motor vehicle owned by the defendant at Logan Airport in Boston, Massachusetts on December 7, 2002, as alleged in the Plaintiff's Complaint, by:

   a.   Complete name;
   b.   Current residential address:
   c.   Social Security Number;
   d.   Date of Birth;
   e.   Massachusetts Driver's License number; and
   f.   Business address.

5. Please identify by complete name, home address and relationship to you, any witnesses to the alleged accident.

6. Please state whether you, or any witnesses or parties gave statements concerning the alleged accident, identifying the substance of these statements, the individuals to whom the statements were made, and the individuals in possession of said statements.

7.    Please identify each and every insurance company providing the defendant with a policy or agreement which may make such company liable to satisfy part or all of any judgment which may be entered against the defendant in this action. For each such policy or agreement please identify:

    a.)    the limitations of coverage,
    b.)    amounts of coverage including any excess or umbrella coverage,
    c.)    each policy number and
    d.)    state whether any insurance company is defending under a "reservation of rights".

8.    Please state the name, residence, business address, occupation and specialty of each person you expect may be called by your attorney as an expert witness at trial. For each such expert witness please identify:

    a.)    the subject matter, in detail, on which each such person may be expected to testify,
    b.)    in detail, the substance of all facts about which such person may be expected to testify or has relied upon,
    c.)    in detail, the substance of all opinions that such person is expected to testify about and the grounds for each such opinion, including the substance of all facts on which such opinions are based.

9.    If you contend that any other person, business or governmental entity is responsible in any way for the alleged accident or the plaintiff's injuries, please provide the following information:

    (a.)    the complete name(s) and residential or business address(es) of said person(s) or business(es) or governmental entity;

    (b.)    a detailed description of the facts supporting your contention that said person(s) or business(es) or governmental entity is responsible for the alleged accident or the plaintiff's injuries.

10.    Please state any and all acts, deeds, or omissions that you allege were committed by the plaintiff which you contend contributed to the accident or to plaintiff's injuries.

11.    If any person(s) or vehicle(s) other than the parties presently named in plaintiff's Complaint contributed in any way to the happening of the accident, including the operator of the defendant's motor vehicle on December 7, 2002, please identify each such person(s) and vehicle(s) and state in full and complete detail how you allege he/she or they contributed to causing the alleged accident.

12.    Please identify each and every person, by giving their name and address, whom you intend to call as a witness at the trial of this matter.

13.   Please state whether you or anyone acting in your behalf obtained any signed or unsigned statement(s) (specify which) from any alleged witness(es) to the events alleged in plaintiff's Complaint. If so, please state:

    a.)    the name and present address of the witness(es);

    b.)    the date said statement was prepared; and

    c.)    the identity of the person(s) who has the current custody or control of such written statement.

Plaintiff, Michael Bucci,
by his attorney,

Ann M. McNamara
QUINN AND MORRIS
141 Tremont Street
Boston, MA 02111
Tel. (617) 423-3500
BBO #: 117450

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-1218-D

Michael Bucci and Anthony Messina , Plaintiff(s)

v.

Globeground North America, LLC , Defendant(s)

## SUMMONS

To the above-named Defendant: Globeground North America, LLC, c/o Resident Agent: CT Corporation, 101 Federal Street, Boston, MA 02110.

You are hereby summoned and required to serve upon Ann M. McNamara, Esquire Quinn and Morris, plaintiff's attorney, whose address is 141 Tremont St., Boston, MA 02111 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Su Barbara J. Rouse Esquire, at Boston, the 4th day of April , in the year of our Lord two thousand and five .

*Michael Joseph Donovan*

Clerk/Magistrate

Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

**SUPERIOR COURT**
**CIVIL ACTION NO.:**

|                                                          |       |
| -------------------------------------------------------- | ----- |
| **MICHAEL BUCCI and**<br>**ANTHONY MESSINA,**<br>    **Plaintiffs** | )<br>)<br>)<br>)<br>) |
| **v.**                                                   | )<br>) |
| **GLOBEGROUND**<br>**NORTH AMERICA LLC,**<br>    **Defendant** | )<br>)<br>)<br>) |

### COMPLAINT
### (JURY TRIAL REQUESTED)

### PARTIES

1.   The plaintiff Michael Bucci, for all purposes pertinent to this complaint, is a resident of Braintree, Massachusetts.

2.   The plaintiff Anthony Messina, for all purposes pertinent to this complaint, is a resident of East Boston, Suffolk County, Massachusetts.

3.   Defendant Globeground North America LLC is a foreign corporation, listed with the Massachusetts Secretary of State's Office, with its usual place of business in Massachusetts located at 440 William F. McCellan, Boston, Suffolk County, MA, 02128 and having as its resident agent: CT Corporation, 101 Federal Street, Boston, MA 02110.

### FACTS

4.   The plaintiffs repeat and reallege the allegations contained in paragraphs 1-3 as if more fully rewritten herein.

5.   On or about December 7, 2002, plaintiff Michael Bucci was an employee of United Airlines Incorporated, driving a minivan at Logan Airport in Boston, Massachusetts.

6.  On or about December 7, 2002, plaintiff Anthony Messina was an employee of United Airlines Incorporated and was a passenger in the minivan driven by Michael Bucci at Logan Airport in Boston, Massachusetts.

7.  On or about December 7, 2002, an employee of defendant Globeground North America LLC, was operating a truck owned by their employer defendant, Globeground North America LLC at Logan Airport in Boston, Massachusetts.

8.  As plaintiff Michael Bucci traveled in the minivan suddenly and without warning, the employee of defendant Globeground North America LLC, while operating a truck owned by the defendant, negligently collided into the rear-end of the minivan plaintiff Michael Bucci was operating, causing plaintiff's Michael Bucci and Anthony Messina to suffer severe personal injuries.

## COUNT I
## NEGLIGENCE VS. GLOBEGROUND NORTH AMERICA LLC

9.  The plaintiffs repeat and reallege the allegations contained in paragraphs 1-8 as if more fully rewritten herein.

10. As a direct and proximate result of the negligence of the defendant Globeground North America LLC, through it's agents, employees and servants, as described in paragraph eight (8), the plaintiff Michael Bucci suffered severe personal injuries, medical expenses, disability, lost wages, causing him great pain of mind and body and leaving him in a much diminished state.

WHEREFORE, plaintiff Michael Bucci demands judgment from this Honorable Court against Globeground North America LLC, for fair and equitable damages, plus interest, costs of this action and such other and further relief as the Court deems proper.

## COUNT II
## VICARIOUS LIABILITY VS. GLOBEGROUND NORTH AMERICA LLC

11. The plaintiffs repeat and reallege the allegations contained in paragraphs 1-10 as if more fully rewritten herein.

12. On or about December 7, 2002 an employee of the defendant Globeground North America LLC was operating a truck owned by the defendant in the course of their employment at Logan Airport in Boston, Massachusetts.

13. The defendant, Globeground North America LLC, is and was responsible for the negligent conduct of it's employee as the employee acted within the scope of their employment.

14. As a direct and proximate result of the negligence and carelessness of the employee of the defendant, Globeground North America LLC, the plaintiff, Michael Bucci suffered

severe personal injuries, medical expenses, disability, lost wages, causing him great pain of mind and body and leaving him in a much diminished state.

WHEREFORE, plaintiff Michael Bucci demands judgment from this Honorable Court against Globeground North America LLC, for fair and equitable damages, plus interest, costs of this action and such other and further relief as the Court deems proper.

## COUNT III
## NEGLIGENCE VS. GLOBEGROUND NORTH AMERICA LLC

15. The plaintiffs repeat and reallege the allegations contained in paragraphs 1-14 as if more fully rewritten herein.

16. As a direct and proximate result of the negligence of the defendant Globeground North America LLC, through it's agents, employees and servants, as described in paragraph eight (8), the plaintiff Anthony Messina suffered severe personal injuries, medical expenses, disability, lost wages, causing him great pain of mind and body and leaving him in a much diminished state.

WHEREFORE, plaintiff Anthony Messina demands judgment from this Honorable Court against Globeground North America LLC, for fair and equitable damages, plus interest, costs of this action and such other and further relief as the Court deems proper.

## COUNT IV
## VICARIOUS LIABILITY VS. GLOBEGROUND NORTH AMERICA LLC

17. The plaintiffs repeat and reallege the allegations contained in paragraphs 1-16 as if more fully rewritten herein.

18. On or about December 7, 2002 an employee of the defendant Globeground North America LLC was operating a truck owned by the defendant in the course of their employment at Logan Airport in Boston, Massachusetts.

19. The defendant, Globeground North America LLC, is and was responsible for the negligent conduct of it's employee as the employee acted within the scope of their employment.

20. As a direct and proximate result of the negligence and carelessness of the employee of the defendant, Globeground North America LLC, the plaintiff, Anthony Messina suffered severe personal injuries, medical expenses, disability, lost wages, causing him great pain of mind and body and leaving him in a much diminished state.

WHEREFORE, plaintiff Anthony Messina demands judgment from this Honorable Court against Globeground North America LLC, for fair and equitable damages, plus interest, costs of this action and such other and further relief as the Court deems proper.

**PURSUANT TO MASSACHUSETTS RULES OF CIVIL PROCEDURE RULE 38, THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.**

Plaintiffs, Michael Bucci,
and Anthony Messina,
by their attorney,

Ann M. McNamara
QUINN AND MORRIS
141 Tremont Street
Boston, MA 02111
Tel. (617) 423-3500
BBO #: 117450

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|

| PLAINTIFF(S) Michael Bucci and Anthony Messina | DEFENDANT(S) Globeground North America, LLC |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE   (617) 423-3500 Ann M. McNamara, Esquire, Quinn and Morris, 141 Tremont Street, Boston, MA 02111 Board of Bar Overseers number: 546445 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.     TYPE OF ACTION (specify)     TRACK     IS THIS A JURY CASE?

B03   Motor Vehicle negligence – P.I. (F )     (X ) Yes     ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ....................................... estimate $....950.00 *
2. Total Doctor expenses ....................................... estimate $.1,045.00 *
3. Total chiropractic expenses ................................. estimate $......... *
4. Total physical therapy expenses ............................ estimate $.1,714.39 *
5. Total other expenses (describe) ..MRI...................... estimate $.1,295.00 *
                                         estimate  Subtotal $.5,004.39 *
B. Documented lost wages and compensation to date ................. estimate $.84,240.00 *
C. Documented property damages to date ........................... estimate $..NONE.... *
D. Reasonably anticipated future medical and hospital expenses ..... estimate $......... *
E. Reasonably anticipated lost wages .............................. estimate $......... *
F. Other documented items of damages (describe)
                                         estimate  $..NONE..... *
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Plaintiff suffered injuries to his neck and upper back.*

                                         $........... *
* Plaintiff reserves the right to supplement or amend if necessary.  estimate  **TOTAL $ 89,244.39** *

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $. ...........**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____   DATE: 3/29/2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) Michael Bucci and Anthony Messina | DEFENDANT(S) Globeground North America, LLC |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  (617) 423-3500 Ann M. McNamara, Esquire, Quinn and Morris, 141 Tremont Street, Boston, MA 02111 Board of Bar Overseers number:  546445 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.         TYPE OF ACTION (specify)     TRACK        IS THIS A JURY CASE?

B03    Motor Vehicle negligence – P.I. (F )        (X ) Yes        ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses ................................................ estimate  $. 2,235.33 . *
2.  Total Doctor expenses .................................................. estimate  $. 1,026.00 . *
3.  Total chiropractic expenses ............................................ estimate  $ ............. *
4.  Total physical therapy expenses ........................................ estimate  $. 7,460.00 . *
5.  Total other expenses (describe) . MRI, radiology, medication. etc. ...... estimate  $. 3,425.51 . *
                                                          estimate     Subtotal $. 14,146.84 . *
B.  Documented lost wages and compensation to date .......................... estimate  $ 131,913.10 . *
C.  Documented property damages to date ..................................... estimate  $. NONE ..... *
D.  Reasonably anticipated future medical and hospital expenses ............. estimate  $ ............. *
E.  Reasonably anticipated lost wages ...................................... estimate  $ ............. *
F.  Other documented items of damages (describe)
                                                          estimate     $. NONE ...... *
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

    Plaintiff suffered injuries to his neck and back.*

                                                          $ ............. *
                                                          estimate     TOTAL $ 146,059.94 . *
 * Plaintiff reserves the right to supplement or amend if necessary.

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                          TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____        DATE: 3/29/2005

AOTC-6 mtc005-11/99

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

**SUPERIOR COURT
CIVIL ACTION NO.:
05-1218-D**

|  |  |
|---|---|
| **MICHAEL BUCCI and<br>ANTHONY MESSINA,**<br>    **Plaintiffs** | )<br>)<br>)<br>) |
| **v.** | )<br>)<br>) |
| **GLOBEGROUND<br>NORTH AMERICA LLC,**<br>    **Defendant** | )<br>)<br>)<br>) |

### PLAINTIFF MICHAEL BUCCI'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GLOBEGROUND NORTH AMERICA, LLC.

Plaintiff, pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, requests that defendant produce the following items for inspection and copying. Items are requested to be produced at the office of the attorneys for the plaintiff at the Law Offices of Quinn and Morris, 141 Tremont Street, Boston, MA 02111, within forty-five (45) days after service of this request.

### INSTRUCTIONS & DEFINITIONS

The defendant is to produce to the plaintiff's attorneys at the Law Offices of Quinn and Morris, 141 Tremont Street, Boston, MA 02111, all documents set forth below that are in the defendant's possession, custody or control and that meet the descriptions, directly or indirectly, set forth in each such category.

**"Document"** shall mean the original, all nonidentical copies, and all drafts of any book, pamphlet, letter, or other form of correspondence, telegram, telex, cable, report, study, note, diary entry, telephone message, form, chart, drawing, agreement, contract, summary, financial record, or other verbal, numerical, or pictorial recording, whether printed, typed, handwritten, drawn, recorded on film or tape, or within any data processing system, or recorded by any other means. If any document sought by these requests for documents has been destroyed (and no copy exists), identify the date of destruction, the person who ordered destruction, and the purpose for destruction.

If the defendant claims any privilege or immunity from discovery with regard to any documents sought herein, then please provide the following information as to each document to which such claim is made: (a) its date; (b) the name and address of its maker; (c) the name and address of each person listed as an addressee; (d) the name and address of each person who has seen or reviewed each such document; (e) a brief description of its subject matter; (f) the nature of privilege or immunity claimed; (g) and a summary of all facts and circumstances upon which claim is based.

Whenever it is impractical to produce the original document requested, photocopies may be made of such original documents. Photographs supplied pursuant to this request or prints thereof shall be paid for by the plaintiff upon presentation of a bill from each person preparing such photographs or prints. This demand is to include all after acquired documents of the type made reference to in the request. The defendant is therefore requested to update the production of documents by forwarding copies to the plaintiff or putting the plaintiff on notice as to any after-acquired material.

**Any use in this document of the term "plaintiff" refers to the plaintiff, Michael Bucci.**

**Any use in this document of the term "co-plaintiff" refers to the plaintiff, Anthony Messina.**

**Any use in this document of the term "defendant" refers to the defendant, Globeground North America, LLC and or its employees, servants and agents.**

**Any use in this document of the terms "the accident" or "the collision" refers to the motor vehicle accident of December 7, 2002, involving the plaintiffs, Michael Bucci and Anthony Messina, and an employee of the defendant, Globeground North America, LLC, which occurred at Logan Airport in Boston, Massachusetts, all as alleged in the plaintiffs' Complaint.**

## DOCUMENT REQUESTS

### REQUEST ONE

All nonprivileged written accident reports concerning the accident alleged in the complaint prepared by the police, plaintiff, co-plaintiff, defendant, and/or any other person or entity with knowledge of the accident.

### REQUEST TWO

All photographs diagrams, or drawing in the possession, custody or control of the defendant which show or purport to show:

a)   The locus of the accident at any time prior to the incident;

b)   The locus of the accident following the incident;

c)    The defendant after the accident,
d)    The plaintiff after the accident,
e)    The co-plaintiff after the accident,
f)    Any of the vehicles involved in the accident.

## REQUEST THREE

All statements regarding the accident, whether signed, unsigned, handwritten, typewritten, or recorded by mechanical or electronic means, made by:

a)    the defendant;
b)    the plaintiff;
c)    the co-plaintiff;
d)    any witness to the accident;
e)    any person on the scene immediately preceding the accident and/or immediately subsequent to the accident;
f)    any person and/or entity with knowledge of the events of the accident.

## REQUEST FOUR

Each and every photograph which the defendant intends to introduce as evidence at the trial of this matter.

## REQUEST FIVE

Any and all documentation regarding any damages sustained to the vehicle operated by the defendant, including, but not limited to, repair bills, estimates and/or canceled checks.

## REQUEST SIX

Any and all reports filed with or completed by the defendant concerning the accident with any governmental agency, whether the same be federal, state, or local.

## REQUEST SEVEN

Any and all accident or operator's reports that were completed in regard to the alleged accident.

## REQUEST EIGHT

Any and all police reports relative to the accident.

## REQUEST NINE

An entire copy, including coverage selections page, of each and every insurance policy available to the defendant to satisfy, in whole or in part, any judgment that might be recovered against the defendant by the plaintiffs.

## REQUEST TEN

Any and all documents, photographs, or demonstrative evidence, or a description thereof, which the defendant intends to introduce at the trial of this matter.

## REQUEST ELEVEN

Photocopies of both sides of any and all license of defendant's employee, who was operating the motor vehicle as alleged in the plaintiff's complaint.

## REQUEST TWELVE

Photocopies of the registration of any and all motor vehicles owned and/or operated by the defendant on the date of the accident referred to in plaintiff's Complaint.

## REQUEST THIRTEEN

Photocopies of any and all citations issued by any law enforcement agency to the defendant relative to the alleged accident.

## REQUEST FOURTEEN

Photocopies of any and all documents produced by and/or received from any court or government agency relative to the suspension of the defendant's motor vehicle operator's license, to include any such suspension that occurred in the five (5) years prior to or subsequent to the accident alleged in the plaintiff's Complaint.

## REQUEST FIFTEEN

All calendars, diaries, appointment books, ledgers, schedules or documents of any kind reflecting appointments or meetings the defendant was scheduled to attend on December 7, 2002.

## REQUEST SIXTEEN

All documents describing the extent of damage to the defendant's vehicle and the cost of any repairs. This request includes but is not limited to photographs, estimates, invoices or checks.

## REQUEST SEVENTEEN

All nonprivileged documents concerning moving violations or traffic tickets issued to the defendant for his actions on December 7, 2002, specifically including but not limited to copies of such moving violations or traffic tickets.

Plaintiff, Michael Bucci,
by his attorney,

Ann M. McNamara
QUINN AND MORRIS
141 Tremont Street
Boston, MA 02111
Tel. (617) 423-3500
BBO #: 117450

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

**SUPERIOR COURT**
**CIVIL ACTION NO.:**
**05-1218-D**

|  |  |
|---|---|
| MICHAEL BUCCI and ANTHONY MESSINA, Plaintiffs | ) ) ) ) |
| | ) |
| v. | ) |
| | ) |
| GLOBEGROUND NORTH AMERICA LLC, Defendant | ) ) ) ) |

### PLAINTIFF MICHAEL BUCCI' FIRST SET OF INTERROGATORIES TO BE ANSWERED BY DEFENDANT, GLOBEGROUND NORTH AMERICA, LLC'S MOST KNOWLEDGEABLE PERSON.

Now comes the plaintiff, Michael Bucci, and hereby propounds the following Interrogatories to be answered, under oath, by the defendant, Globeground North America, LLC's Most Knowledgeable Person.

### INSTRUCTIONS & DEFINITIONS

You are required to answer the following Interrogatories fully, separately, and under oath, within forty-five (45) days after service hereof, pursuant to Mass.R.Civ.P. 33. In answering these Interrogatories, you are required to furnish all information that is available to you, including that which can be learned through your reasonable inquiry. This also includes nonprivileged information in the possession of your attorney(s), consultants, experts, investigators, agents, or other persons acting on your behalf.

If any of these Interrogatories cannot be answered in full, please answer to the extent possible and specify the reason for your inability to answer the remainder. The Interrogatories are continuing, and answers thereto must be supplemented by you to the maximum extent required by the Massachusetts General Laws and Rules of Civil Procedure.

**Any use in this document of the term "plaintiff" refers to the plaintiff, Michael Bucci.**

**Any use in this document of the term "co-plaintiff" refers to the plaintiff, Anthony Messina.**

Any use in this document of the term "defendant" refers to the defendant, Globeground North America, LLC and or its employees, servants and agents.

Any use in this document of the terms "the accident" or "the collision" refers to the motor vehicle accident of December 7, 2002, involving the plaintiffs, Michael Bucci and Anthony Messina, and an employee of the defendant, Globeground North America, LLC, which occurred at Logan Airport in Boston, Massachusetts, all as alleged in the plaintiffs' Complaint.

## INTERROGATORIES

1. Please list your full name, residential address, business address, and telephone number and in what capacity you answer the following interrogatories on behalf of the defendant, Globeground North America, LLC.

2. Please state how long you have occupied this position with Globeground North America, LLC and for what reason you are best chosen to answer the following interrogatories.

3. Please identify the driver/operator of the motor vehicle owned by the defendant at Logan Airport in Boston, Massachusetts on December 7, 2002, as alleged in the Plaintiff's Complaint, by:

   a. Complete name;
   b. Current residential address:
   c. Social Security Number;
   d. Date of Birth;
   e. Massachusetts Driver's License number; and
   f. Business address.

4. Please identify the employee of the defendant who was the driver/operator of the motor vehicle owned by the defendant at Logan Airport in Boston, Massachusetts on December 7, 2002, as alleged in the Plaintiff's Complaint, by:

   a. Complete name;
   b. Current residential address:
   c. Social Security Number;
   d. Date of Birth;
   e. Massachusetts Driver's License number; and
   f. Business address.

5. Please identify by complete name, home address and relationship to you, any witnesses to the alleged accident.

6. Please state whether you, or any witnesses or parties gave statements concerning the alleged accident, identifying the substance of these statements, the individuals to whom the statements were made, and the individuals in possession of said statements.

7. Please identify each and every insurance company providing the defendant with a policy or agreement which may make such company liable to satisfy part or all of any judgment which may be entered against the defendant in this action. For each such policy or agreement please identify:

   a.) the limitations of coverage,
   b.) amounts of coverage including any excess or umbrella coverage,
   c.) each policy number and
   d.) state whether any insurance company is defending under a "reservation of rights".

8. Please state the name, residence, business address, occupation and specialty of each person you expect may be called by your attorney as an expert witness at trial. For each such expert witness please identify:

   a.) the subject matter, in detail, on which each such person may be expected to testify,
   b.) in detail, the substance of all facts about which such person may be expected to testify or has relied upon,
   c.) in detail, the substance of all opinions that such person is expected to testify about and the grounds for each such opinion, including the substance of all facts on which such opinions are based.

9. If you contend that any other person, business or governmental entity is responsible in any way for the alleged accident or the plaintiff's injuries, please provide the following information:

   (a.) the complete name(s) and residential or business address(es) of said person(s) or business(es) or governmental entity;

   (b.) a detailed description of the facts supporting your contention that said person(s) or business(es) or governmental entity is responsible for the alleged accident or the plaintiff's injuries.

10. Please state any and all acts, deeds, or omissions that you allege were committed by the plaintiff which you contend contributed to the accident or to plaintiff's injuries.

11. If any person(s) or vehicle(s) other than the parties presently named in plaintiff's Complaint contributed in any way to the happening of the accident, including the operator of the defendant's motor vehicle on December 7, 2002, please identify each such person(s) and vehicle(s) and state in full and complete detail how you allege he/she or they contributed to causing the alleged accident.

12. Please identify each and every person, by giving their name and address, whom you intend to call as a witness at the trial of this matter.

13.  Please state whether you or anyone acting in your behalf obtained any signed or unsigned statement(s) (specify which) from any alleged witness(es) to the events alleged in plaintiff's Complaint. If so, please state:

    a.)    the name and present address of the witness(es);

    b.)    the date said statement was prepared; and

    c.)    the identity of the person(s) who has the current custody or control of such written statement.

 

Plaintiff, Michael Bucci,
by his attorney,

Ann M. McNamara
QUINN AND MORRIS
141 Tremont Street
Boston, MA 02111
Tel. (617) 423-3500
BBO #: 117450

## MATTERS FILED WITH NOTICE OF REMOVAL

1.    Plaintiffs' Summons and Complaint