UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUCCI AND ANTHONY MESSINA, <br><br> Plaintiffs, <br><br> vs. <br><br> GLOBEGROUND NORTH AMERICA, LLC, <br><br> Defendants. | 05 CIV 10963-NG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SANCTION ANTHONY MESSINA UNDER RULE 37(B)(2)**

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 37(b)(2), defendant Globeground North America, LLC ("Globeground") hereby moves this Court for sanctions against plaintiff Anthony Messina ("Messina") by dismissing his claims against Globeground or, in the alternative, prohibiting him from offering any evidence of his alleged injuries at trial. Messina stands in contempt of two Court orders compelling him to submit to a defense medical evaluation. By violating the Court's Orders, Messina has denied Globeground the opportunity to obtain critical information necessary to its defense. As a consequence, if this Court does not dismiss Messina's claim or, at the very least, exclude all evidence of Messina's alleged physical injuries, Globeground will be unfairly placed at a significant disadvantage and extremely prejudiced at trial.

**BACKGROUND**

Plaintiffs Michael Bucci and Anthony Messina in the present action contend that they sustained continuing physical injuries as a result of a vehicle accident at Logan International

Airport. (Compl. ¶ 8). A status conference was held on January 25, 2007. (See Order dated Jan. 26, 2007). The parties advised the Court that they would be willing to participate in the Court's Alternative Dispute Resolution Program, and requested more time to complete discovery. Id. Specifically, the parties requested additional time to complete a medical examination by the defendant's expert, expert disclosures, and expert depositions. (See Parties' Joint Mot. dated Jan. 29, 2007). On January 30, 2007, the Court issued an Order establishing the following deadlines: Plaintiff's expert designations by March 15, 2007; Defendant's expert designations by April 15, 2007; and expert depositions by June, 30, 2007. (See Order. dated Jan. 30, 2007).

On January 29, 2007, Globeground contacted the Plaintiffs to inform them that Globeground's medical expert was prepared to examine them on February 28 and March 2, 2007. (Brewington Decl. Ex. 1). Bucci appeared for his examination on February 28, 2007. (See Globeground's Expert Disclosure dated May 15, 2007). Messina appointment was initially scheduled on March 2, 2007. (See Brewington Decl. Ex. 2). However, Messina, through his attorney, stated that his employer was transferring him to San Diego and that he was too busy packing and getting his affairs in order to make the March 2, 2007 appointment. Id. Nevertheless, Messina promised to make himself available at a later date. Id.

To accommodate Messina's schedule, on February 23, 2007, the parties moved to have the scheduling order enlarged. (See Parties' Joint Motion dated Feb. 23, 2007). The Court granted the motion and established the following new deadlines: Plaintiff's expert disclosures April 15, 2007; Defendant expert disclosure May 15, 2007; and expert depositions July 31, 2007. (Order, dated March 8, 2007). Also, in its Order, the Court advised that no further continuances would be granted. (Order. dated Feb. 29, 2007).

Messina's medical examination was rescheduled for April 24, 2007. (Brewington Decl. Ex. 3). On April 23, 2007, Messina unilaterally canceled this appointment. (Brewington Decl. Ex. 4). On May 10, 2007, Messina filed a second motion to enlarge the scheduling order, which was denied by the Court. Id. (Order. May 15, 2007).

## ARGUMENT

### I. THE COURT SHOULD SANCTION PLAINTIFF

**A. The Court Has Broad Authority To Sanction Messina For His Failure To Comply With The Court's Order.**

It is well within this Court's discretion to sanction Messina for his failure to adhere to this Court's discovery order. The Court's authority to sanction a party who repeatedly fails to comply with court-imposed discovery deadlines is well established. *Torres-Vargas v. Pereira*, 431 F.3d 389, 392 (1st Cir. 2005). Specifically, Fed. R. Civ. P. 37(b)(2)(E) authorizes this Court to impose sanctions against a party who fails to submit to a physical examination pursuant to Rule 35(a). There are only two conditions which are required before "engaging the gears of the Rule 37(b)(2)(E) sanction machinery: a court order must be in effect, and then must be violated." *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15, 19 (1st Cir. 1991)("sanction [can] appropriately [be] imposed under Rule 37(b)(2)" if "plaintiffs . . . refuse[ ] to comply with . . . specific order for production").

Here, there can be no dispute that the Court issued an Order requiring Messina to submit to a medical examination and that Messina violated that Order. The parties requested and were granted additional time to conduct the examination. Globeground scheduled multiple appointments for these examination, but Messina canceled them all. Messina ignored the Court's admonition that "NO FURTHER CONTINUANCES" will be granted. Messina's

repeated failure to comply with the Court's discovery orders provides more than sufficient grounds for Rule 37(b)(2) sanctions.

### B. Dismissal Of Messina's Claims With Prejudice Is Warranted.

In light of Messina's blatant disregard for the Court's discovery order, the Court should dismiss his claims with prejudice. Under Fed. R. Civ. P. 37(b)(2), the Court has broad discretion with respect to the type of sanction it imposes. Among the sanctions available to the Court is dismissal with prejudice of a contemnor's claims. Fed. R. Civ. P. 37(b)(2)(C). While dismissal with prejudice is a harsh measure, *Malot v. Dorado Beach Cottages Assocs. S. En C. Por A*, 478 F.3d 40, 43-44 (1st Cir. 2007), "a party's disregard of a court order is a paradigmatic example of extreme misconduct" and justifies this extreme sanction. *Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005).

Here, Messina has repeatedly disregarded the Court's order. As the Court noted, even in the face of the Court's admonition "that no further continuances" would be granted, Messina failed to make complying with the Court's order a priority. (Order. dated May 15, 2007). He cancelled his appointment which was scheduled to occur prior to his relocation to San Diego. (Brewington Decl. Ex. 2). Furthermore, Globeground scheduled an additional appointment for Messina, during a time he promised that he would be available. Messina unilaterally cancelled that appointment as well. (Brewington Decl. Exs. 3 and 4). Messina's conduct shows that complying with this Court's order was a nuisance to him and one he would simply ignore. Messina has put his IME off "over and over again." (See Order dated May 15, 2007). Since Messina is in contempt and the Court has refused to extend the Scheduling Order, his claim must be dismissed.

### C. Alternatively, The Court Should Exclude Evidence Of Messina's Alleged Physical Injuries To Prevent Unfair Prejudice To Globeground.

If the Court does not dismiss Messina's claims with prejudice, it should, at the very least, exclude all evidence of Messina's alleged physical injuries. In evaluating the appropriateness of a sanction, the Court should consider the adequacy of the sanction in relation to its ability to prevent unfair prejudice to the obedient party. *See Malot*, 478 F.3d at 44. In the absence of a dismissal, the only other sanction that would prevent Globeground from being unfairly prejudiced is the exclusion of all evidence relating to Messina's alleged physical injuries.

Messina's claim alleges that he has sustained severe and continuing physical injuries as a result of a low impact accident involving Globeground. (Compl. ¶8). By failing to comply with the Court's order, Messina has denied Globeground the opportunity to obtain critical information necessary to evaluate and defend against his claim. Globeground has no basis to evaluate his alleged disability through medical examination. As a result, if Messina is allowed to offer evidence of his physical injuries, Globeground will be unfairly placed at a significant disadvantage. In absence of a dismissal, the only way to prevent Messina from benefiting from his contempt is by excluding all evidence of his alleged physical injuries.

### CONCLUSION AND PRAYER FOR RELIEF

Messina has repeatedly ignored the Court's discovery order and is in contempt. As a result, Globeground has been severely prejudiced. Therefore, Globeground respectfully requests that the Court dismiss Messina's claim with prejudice or, in the alternative, preclude introduction of any evidence relating to Messina's alleged physical injuries at trial.

                                 **GLOBEGROUND**
BY ITS ATTORNEYS,

By:
        //s// Tavares M. Brewington
        _____

Raymond Mariani (*Admitted Pro Hac Vice*)
Tavares M. Brewington (BBO # 661125)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
Telephone: 617-345-1000
Facsimile: 617-345-1300

Dated: June 5, 2007

## CERTIFICATE OF SERVICE

I, Tavares M. Brewington do hereby certify that a true copy of the above document was served upon all counsel of record by first class mail this 5 day of May 2007.

//s// Tavares M. Brewington
_____

Tavares M. Brewington