# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MICHAEL BUCCI and** ) | |
| **ANTHONY MESSINA,** ) | |
| **Plaintiffs** ) | |
| ) | **CIVIL ACTION NO.: 05 CV 10963NG** |
| **v.** ) | |
| ) | |
| **GLOBEGROUND** ) | |
| **NORTH AMERICA LLC,** ) | |
| **Defendant** ) | |

## PLAINTIFF ANTHONY MESSINA'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS AND REQUEST FOR RECONSIDERATION OF THE COURT'S DENIAL TO EXTEND EXPERT DEADLINES

The Plaintiff, Anthony Messina ("Messina") respectfully opposes the Defendant's ("GlobeGround North America LLC") Motion for Sanctions and requests that the Court reconsider it's denial of the Plaintiff's Request to Enlarge the Scheduling Deadlines.

## BACKGROUND

On March 28, 2005 a Complaint was filed in Suffolk Superior Court with Plaintiff's alleging injuries as a result of a rear end accident involving an employee of the Defendant. Shortly thereafter, the Complaint was transferred to United States District Court, and the parties commenced discovery with the Plaintiff's forwarding interrogatory answers and production of documents to the Defendant. The Plaintiff's depositions were taken in October 2006. The parties requested extensions of discovery deadlines due in part to the Defendant's inability to confirm that said accident took place. In December 2006, the Defendant retained new counsel. In January 2007, the Defendant

forwarded their Production of Documents response to the Plaintiff containing accident information. In January, the parties also appeared at a Scheduling Conference and expressed an interest in mediation, but agreed that they needed additional time to complete discovery. The Court allowed an extension of time for the parties to complete this discovery (See Order of January 30, 2007), but unfortunately, due to the Plaintiff's unexpected transfer to California for work, another extension had to be requested. That extension was allowed as well, with notice from the Court that no further extensions would be granted. (See Order February 29, 2007)

Due to events beyond the Plaintiff's control, he was not able to return to Massachusetts on the scheduled date of his medical appointment on April 24, 2007. The Defendant rescheduled the examination to June 12, 2007, and the Plaintiff requested one more extension to allow this exam to take place. That request was denied by the Court. (See Order of May 15, 2007) The Defendant is now seeking Sanctions or Dismissal of the Plaintiff's claim due to the Plaintiff's failure to attend the medical exam.

**ARGUMENT**

The Defendant alleges that the Plaintiff has blatantly and without regard snubbed his nose at the Court and cancelled "multiple" appointments that were made for him. (Defendant's Memorandum, page 2).

This is simply not so. The Plaintiff has made every effort to make himself available for exam. In February 2007, at the same time the Defendant initially requested a medical exam, the Plaintiff was advised by his employer that he was being transferred to San Diego. This transfer was unexpected, and he had little time to pack, take care of his affairs and to make arrangements to move to California.

While he originally stated that he would be able to make the March 2, 2007 exam, as the time approached for his move, the Plaintiff requested that the examination be rescheduled so that he could focus on his move to California, and then return for the medical exam. The Defendant agreed to this request. The Plaintiff offered several options for dates, but was advised that the doctor was away most of March. The parties were able to agree on the date of April 24, 2007 for the exam.  The Plaintiff made flight plans and had every intention of appearing at this examination.

Unfortunately, and through no fault of his own, the Plaintiff was advised on April 23, 2007 that his original flight plans were no longer available and that there were no other flights from San Diego or surrounding airports available for him to return to Boston for this medical exam. He immediately contacted his attorney, who in turn notified Defense counsel. (See ex 1) Due to the less than 24 hour notice, the Plaintiff paid a $700.00 cancellation fee for the missed appointment. In addition, he lost 5 hours pay from his employer.

Knowing the importance of this exam, through counsel, he offered several other dates that he would be available for exam. (See ex. 2)

Defense counsel rescheduled the Plaintiff to be seen on June 12, 2007. The Plaintiff had confirmed that he would be available on that day. The Plaintiff asked the Defendant whether it would assent to an additional extension of time for this exam to take place. While the Defendant did not assent to the Motion, neither did it oppose it. Plaintiff understood that this was an extraordinary appeal to the Court, but he had attempted to make himself available prior to the expiration of the previous Court extension, and was not able to coordinate a date with any dates that the doctor had available.

The Court denied the motion, and subsequently the Defendant cancelled the exam scheduled for June 12, 2007 and applied for sanctions.

Prior to February 2007, Defense counsel had never requested a medical examination of either plaintiff. It was not until January 2007 that the Defendant even responded to Request for Production of Documents with information confirming that the accident that is the crux of this complaint took place. The status conference held on January 25, 2007, was the first time that new Defense Counsel appeared before the Court. On January 30, 2007 the Court agreed to extend expert deadlines: Plaintiff's expert designations by March 15, 2007; Defendant's expert designations by April 15, 2007 and expert depositions by June 30, 2007.

As soon as Defense counsel requested that the medical examinations be scheduled, Plaintiff made every attempt to find a day that both he and the doctor were available. While he initially thought he would be able to attend the exam on March 2, 2007, as his move got closer, he found that he would not be able to attend. The doctor was gone the remainder of that month, so that there was no chance of having another exam that month. (See Ex. 3) The parties requested one more extension and the Court did grant additional time for the Plaintiff to be examined, moving expert designations back an additional month. (See Order dated March 8, 2007) Plaintiff provided several dates he would be in Boston and available for exam. (See Ex. 4 and 5) None of these dates worked for the doctor, but a new date of April 24, 2007 was scheduled. (See ex.6)

Plaintiff made every possible effort to attend his April examination. Due to travel problems, that did not happen.

The Defendant alleges that the Plaintiff "unilaterally" cancelled this appointment. That is a gross misrepresentation of the facts. The Plaintiff has been cooperative throughout the process. He has responded to Interrogatories and Productions of Documents in a timely manner. He has submitted himself for deposition. He has made every effort to return to Boston to accommodate the

doctor's schedule, when several dates he was available for exam were not good for the doctor, including the majority of the month of March.

The Defendant is placing the entire blame for the failure to complete a medical exam upon the Plaintiff. The defendant had almost two years to have this exam completed, but made no effort to do so. Since his move the California, the Plaintiff was scheduled for one exam that admittedly, he was unable to attend due to travel issues, not because he was ignoring court orders. He contacted his attorney prior to the exam to say he was having trouble getting back to Boston. His attorney immediately contacted defense counsel to let him know of the problem. Plaintiff offered several additional available dates, but was not scheduled for exam until June 12th.

To allow the Defendant's Motion for Sanctions would be patently unfair to the Plaintiff who has cooperated fully throughout the discovery process. The Plaintiff did not take a job in California to avoid exam, nor to ignore Court orders. The Plaintiff should be allowed an additional period of time to appear for an exam and the Defendant's Motion for Sanctions should be denied.

Plaintiff Anthony Messina,
by his attorney,


/s/ Ann M. McNamara
Ann McNamara, Esq. BBO#546445
Quinn and Morris
141 Tremont Street
Boston, MA 02111
Tel. (617) 423-3500




## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on June 6 and June 7, 2007, I conferred with counsel for the Defendant regarding this motion and Opposition.

//s//Ann M. McNamara
Ann M. McNamara


CERTIFICATE OF SERVICE


I, Ann M. McNamara, hereby certify that I have this 8th day of June, 2007, served a true copy of the enclosed **Plaintiff Anthony Messina's Opposition to Defendant's Motion for Sanctions and Request for Reconsideration of the Court's Denial to Extend Expert Deadlines** by email to counsel of record:

Tavares M. Brewington, Esquire
NIXON PEABODY
100 Summer Street
Boston, MA 02110
Tel. (617) 345-1000

/s/ Ann M. McNamara
Ann McNamara, Esquire
BBO #: 546445
Quinn and Morris
141 Tremont Street
Boston, MA 02111
Tel. (617) 423-3500

# EXHIBIT 1

**From:** Leanne Giovino
**Sent:** Friday, June 08, 2007 3:48 PM
**To:** Ann McNamara
**Subject:** FW: M. D. J. S. Barr

---

**From:** Leanne Giovino
**Sent:** Monday, April 23, 2007 10:55 AM
**To:** 'Sensale, Connie'
**Subject:** RE: M. D. J. S. Barr

Hi Connie,

I just got into the office and received a phone call from Mr. Messina saying that he cannot get a flight out of San Diego, Los Angeles or any airport in CA...all are overbooked and he has been told that there is no hope to get a flight before tomorrow morning.  So needless to say, he will NOT be able to keep his appt tomorrow with Dr. Barr at 10:00 a.m.

I told him that this would be a problem because the doctor only had this date, but obviously there is nothing that can be done.

I apologize for the last minute work you may have to do now.  If you need anything before Ann returns because of this, please let me know.

Thanks,
Leanne

---

**From:** Sensale, Connie [mailto:csensale@nixonpeabody.com]
**Sent:** Friday, April 20, 2007 1:10 PM
**To:** Leanne Giovino
**Subject:** RE: M. D. J. S. Barr

Same to you!!  Enjoy the weather while we have it......it's a good weekend for Ann to get married!!!



**Connie A. Sensale, Paralegal**
Nixon Peabody LLP
100 Summer Street, #26212
Boston, MA 02110
Direct (617) 345-1026
Direct Fax (866) 741-5602
Email csensale@nixonpeabody.com
www.nixonpeabody.com

The preceding e-mail message contains information that is confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you believe that you are not an intended recipient of this message, please notify the sender at (617) 345-1026. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful.

---

**From:** Leanne Giovino [mailto:lmg@quinnmorris.com]
**Sent:** Friday, April 20, 2007 1:10 PM
**To:** Sensale, Connie
**Subject:** RE: M. D. J. S. Barr

Thank you for everything!
Have a good weekend!
L

**From:** Sensale, Connie [mailto:csensale@nixonpeabody.com]
**Sent:** Friday, April 20, 2007 1:08 PM
**To:** Leanne Giovino
**Subject:** RE: M. D. J. S. Barr

J. S. Barr, M.D.
0 Emerson Place, Suite 120
Boston, MA 02114

Secretary: Kelly
617-726-3563, MA  02114

**Connie A. Sensale, Paralegal**
Nixon Peabody LLP
100 Summer Street, #26212
Boston, MA 02110
Direct (617) 345-1026
Direct Fax (866) 741-5602
Email csensale@nixonpeabody.com
www.nixonpeabody.com



The preceding e-mail message contains information that is confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you believe that you are not an intended recipient of this message, please notify the sender at (617) 345-1026. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful.

**From:** Leanne Giovino [mailto:lmg@quinnmorris.com]
**Sent:** Friday, April 20, 2007 1:06 PM
**To:** Sensale, Connie
**Subject:** RE: M. D. J. S. Barr

Connie...

The attachment was blank.

**From:** Sensale, Connie [mailto:csensale@nixonpeabody.com]
**Sent:** Friday, April 20, 2007 1:03 PM
**To:** Leanne Giovino
**Subject:** FW: M. D. J. S. Barr

Leanne:

Here is my contact card....let me know if you need anything else.....Thanks, Connie

EXHIBIT 2

**From:** Ann McNamara
**Sent:** Friday, May 04, 2007 11:26 AM
**To:** 'Sensale, Connie'
**Cc:** 'tbrewington@nixonpeabody.com'
**Subject:** Anthony Messina
Hi Connie:

Here are some additional dates from Mr. Messina.

May 14th (morning only as he has to take a flight to California in the afternoon to report back to work)
May 31, June 1, June 6, 7, 12, 13, 18, 19

Hope there is one there that works.

Thanks,

Ann

EXHIBIT 3

**From:** Ann McNamara
**Sent:** Friday, February 02, 2007 2:38 PM
**To:** Sensale, Connie
**Subject:** RE: Bucci, et al v. Globeground North America, LLC
Hi Connie – We did hear from Michael Bucci and he is available late morning on February 28th. We are still waiting to hear back from Mr. Messina.

Ann McNamara, Esq.

---

**From:** Sensale, Connie [mailto:csensale@nixonpeabody.com]
**Sent:** Friday, February 02, 2007 10:29 AM
**To:** Ann McNamara
**Cc:** Brewington, Tavares
**Subject:** Bucci, et al v. Globeground North America, LLC

Dear Attorney McNamara:

In an effort to try to schedule IMEs for Michael Bucci and Anthony Messina, I've contacted Dr. Barr's office to obtain dates of availability.  Dr. Barr is available all day on February 28, 2007; and on March 2, 2007 and March 7, 2007, Dr. Barr is available in the afternoon.  Unfortunately, Dr. Barr will be out of the office not returning until March 27, 2007.

Once you have had an opportunity to speak with Mr. Bucci and Mr. Messina, please let me as soon as you possibly can if your clients are available on these dates so that I can set up the IMEs with Dr. Barr as soon as possible.

If you have any questions, please feel free to contact me directly regarding the IMEs.

Thank you for your attention to this matter.

Sincerely,
Connie A. Sensale

 Connie A. Sensale, Litigation Paralegal
Nixon Peabody LLP
100 Summer Street, 26th Floor, #26212
Boston, MA 02110
Office:  (617) 345-1026
Personal Fax (866) 741-5602
Office Fax:  617.345.1300

csensale@nixonpeabody.com
www.nixonpeabody.com

This e-mail message and any attachments are intended only for the use of the addressee named above and may contain information that is privileged and confidential. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this e-mail message or by telephone. Thank you. .

EXHIBIT 4

**From:** Ann McNamara
**Sent:** Thursday, February 22, 2007 3:47 PM
**To:** Sensale, Connie
**Subject:** Anthony Messina

Connie – I have heard from Mr. Messina and he cannot make March 2 at 11:00 a.m. He has been instructed to report to San Diego on March 5th for his new assignment and is unable to make either the 6th or 7th. He asked to move that date back and the company said no.

He will be back in Boston for 2 weekends in March, and I suspect once he gets situated out there, he may be able to get a day off to come for an exam.

Mr. Messina is trying to be cooperative but he is in the process of packing for his move and getting his affairs in order here. Would you check with Tavares to see whether he wants to move back the expert deadlines another few months to give Mr. Messina an opportunity to complete his move and then come back for an exam?

EXHIBIT 5

**From:** Ann McNamara
**Sent:** Thursday, March 15, 2007 4:29 PM
**To:** Sensale, Connie
**Subject:** Anthony Messina
Hi Connie,

I received your health form and have sent it to Mr. Messina to sign. I believe he will be back in Boston over the weekend.

In addition, he left me a message that he will be back in Boston from March 31 through April 3rd – or possibly the 4th.  I wanted to let you know in case you are able to book him with Dr. Barr for one of those days.

Ann McNamara, Esq.
Quinn and Morris
141 Tremont Street
Boston, MA 02111

EXHIBIT 6

**From:** Ann McNamara
**Sent:** Thursday, April 05, 2007 3:30 PM
**To:** Sensale, Connie
**Subject:** RE: Anthony Messina

Just got it back from him and it's going in the mail.

Ann

---

**From:** Sensale, Connie [mailto:csensale@nixonpeabody.com]
**Sent:** Thursday, April 05, 2007 3:28 PM
**To:** Ann McNamara
**Cc:** Brewington, Tavares
**Subject:** RE: Anthony Messina

Hello Ann:

   Luckily, April 24, 2007 at 10:00 am is still available and I have scheduled Mr. Messina's IME accordingly.

   Also, I wanted to touch base with you to find out whether or not Mr. Messina returned the signed Hipaa Authorization for Boston Chiropractic, Kathleen McLean? Please let me know if you have any questions. Thanks again for all of your assistance with setting up this IME!!!

 Connie A. Sensale, Litigation Paralegal
Nixon Peabody LLP
100 Summer Street, 26th Floor, #26212
Boston, MA 02110
Office:  (617) 345-1026
Personal Fax (866) 741-5602
Office Fax:  617.345.1300
csensale@nixonpeabody.com
www.nixonpeabody.com

This e-mail message and any attachments are intended only for the use of the addressee named above and may contain information that is privileged and confidential. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this e-mail message or by telephone. Thank you. .

**From:** Ann McNamara [mailto:amc@quinnmorris.com]
**Sent:** Thursday, April 05, 2007 3:13 PM
**To:** Sensale, Connie
**Subject:** Anthony Messina

Hi Connie –

Mr. Messina is available on 4/24 at 10 am

Hopefully that day and time is still good.

Ann

# UNTIED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **MICHAEL BUCCI and** | ) | |
| **ANTHONY MESSINA,** | ) | |
| **Plaintiffs** | ) | |
| | ) | **CIVIL ACTION NO.: 05 CV 10963NG** |
| **v.** | ) | |
| | ) | |
| **GLOBEGROUND** | ) | |
| **NORTH AMERICA LLC,** | ) | |
| **Defendant** | ) | |

## DECLARATION OF ANN M. McNAMARA, ESQ.

I, Ann M. McNamara, hereby depose and state:

1. I am an associate with the law firm of Quinn and Morris, 141 Tremont Street, Boston, MA 02111. I represent the Plaintiff, Anthony Messina. I make this declaration in support of the Plaintiff's Opposition to the Defendant's Motion of Sanctions Under Rule 37(b)(2) and the Plaintiff's Request for Reconsideration of the Court's Denial to Extend Expert Deadlines.

2. Attached Exhibits 1 to 6 are true and accurate copies of the email correspondence between Plaintiff's Counsel and Globeground regarding the scheduling of Anthony Messina's medical evaluation.

I, ANN M. MCNAMARA, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

/s/ Ann M. McNamara
Ann McNamara, Esq. BBO#546445
Quinn and Morris
141 Tremont Street
Boston, MA 02111
Tel. (617) 423-3500

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on June 6 and 7, 2007, I conferred with counsel for the Defendant personally and by email regarding this opposition and motion and counsel.

//s//Ann M. McNamara
Ann M. McNamara

## CERTIFICATE OF SERVICE

I, Ann M. McNamara, hereby certify that I have this 8th day of June, 2007, served a true copy of the enclosed Plaintiff's Opposition to the Defendant's Motion of Sanctions Under Rule 37(b)(2) and the Plaintiff's Request for Reconsideration of the Court's Denial to Extend Expert Deadlines by email to counsel of record:

Tavares M. Brewington, Esquire
NIXON PEABODY
100 Summer Street
Boston, MA 02110
Tel. (617) 345-1000

/s/ Ann M. McNamara
Ann McNamara, Esquire
BBO #: 546445
Quinn and Morris
141 Tremont Street
Boston, MA 02111
Tel. (617) 423-3500